cc: Fiscal

JS-6

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JEREMY L. BURKHARDT (CA SBN 321744)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5810
    Facsimile: (213) 894-0115
    E-mail: Jeremy.Burkhardt@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SERGIO PEREZ, individually and as Trustee of the Perez Family Trust; CHRISTINA PEREZ, individually and as Trustee of the Perez Family Trust; PEREZ FAMILY TRUST; DEUTSCHE BANK NATIONAL TRUST COMPANY; SCHOOLSFIRST FEDERAL CREDIT UNION; ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; SAN BERNARDINO COUNTY TREASURER-TAX COLLECTOR; WINDINGWALK MASTER ASSOCIATION; STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; MORNINGSTAR POOL AND SPA; AMERICAN EXPRESS CENTURION BANK; HARRISON BUILDING INC.; LOBEL FINANCIAL CORP.; SMARTVEST GROUP, LLC; DERRICK COTTON,<br><br>    Defendants. | Case No.: 5:18-2548-JGB-SPx<br>(consolidated with 5:19-915-JGB-SPx)<br><br>Judgment: (1) Dismissal of Count III of the Amended Complaint; (2) Foreclosure of Federal Tax Liens and Order of Sale of Real Property Located at 14365 Pleasant Hill Drive, Chino Hills, CA |

1

Based upon the Stipulation for Entry of Judgment for Foreclosure of Federal Tax Liens entered into by Plaintiff United States of America and defendants Sergio Perez and the Perez Family Trust (Doc. No 67), and the Stipulation for Entry of Judgment for Foreclosure of Federal Tax Liens and Order of Sale entered into by Plaintiff United States of America and defendants Sergio Perez, the Perez Family Trust, SmartVest Group LLC, Deutsche Bank National Trust Company, SchoolsFirst Federal Credit Union, and State of California Employment Development Department ("Defendants") (Doc. No. 82), it is hereby

ORDERED, ADJUDGED, AND DECREED that:

**A. Count III of the Amended Complaint**

Count III of the amended complaint, which seeks to foreclose federal tax liens against the cause of action brought by Defendant SmartVest Group LLC, is dismissed.

**B. Foreclosure of Federal Tax Liens**

1. Defendant Perez Family Trust is the record owner of the real property commonly known as 14365 Pleasant Hill Drive, Chino Hills, CA (the "Real Property"), legally described as follows:

> Lot 101 of Tract No. 13651-12, in the City of Chino, County of San Bernardino, State of California, as per plat recorded in Book 227, Page(s) 3 through 14 inclusive, of maps, in the office of the County Recorder of said county.
>
> Except therefrom all oil, gas, minerals, and other hydrocarbon substances, without the right of surface entry, as reserved in the deed recorded in Book 428, Page 336, of Deeds.

The Perez Family Trust holds title to the Real Property as Sergio Perez's nominee.

2. Federal tax liens arose against defendant Sergio Perez on the dates of the assessments described below and attached to, and remain valid and enforceable against, the Real Property:

| Tax Period | Assessment Date | Assessment Type | Amount |
|---|---|---|---|
| 3/31/2007 | 12/10/2008 | 26 U.S.C. § 6672 Penalty | $202,165.31 |

2

| | | Balance due as of 5/10/2019 | $291,591.78 |
|---|---|---|---|
| 9/30/2007 | 12/10/2008 | 26 U.S.C. § 6672 Penalty | $195,027.37 |
| | | Balance due as of 5/10/2019 | $287,280.52 |
| 12/31/2007 | 5/18/2009 | 26 U.S.C. § 6672 Penalty | $188,615.15 |
| | | Balance due as of 5/10/2019 | $272,122.75 |
| 9/30/2011 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $213,600.90 |
| | | Balance due as of 5/10/2019 | $244,000.79 |
| 12/31/2011 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $242,236.04 |
| | | Balance due as of 5/10/2019 | $276,647.12 |
| 3/31/2012 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $308,657.84 |
| | | Balance due as of 5/10/2019 | $352,504.54 |
| 6/30/2012 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $230,144.99 |
| | | Balance due as of 5/10/2019 | $262,838.47 |
| 9/30/2012 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $327,085.00 |
| | | Balance due as of 5/10/2019 | $373,549.39 |
| 12/31/2012 | 5/26/2016 | 26 U.S.C. § 6672 Penalty | $477.591.32 |
| | | Balance due as of 5/10/2019 | $545,436.03 |
| 3/31/2013 | 6/13/2016 | 26 U.S.C. § 6672 Penalty | $345,843.07 |
| | | Balance due as of 5/10/2019 | $381,931.98 |
| 6/30/2013 | 6/13/2016 | 26 U.S.C. § 6672 Penalty | $365,272.91 |
| | | Balance due as of 5/10/2019 | $416,342.32 |
| 9/30/2013 | 6/13/2016 | 26 U.S.C. § 6672 Penalty | $309,419.53 |
| | | Balance due as of 5/10/2019 | $352,680.00 |
| 12/31/2013 | 6/13/2016 | 26 U.S.C. § 6672 Penalty | $177,284.35 |
| | | Balance due as of 5/10/2019 | $202,070.77 |

3. The United States is entitled to foreclose the tax liens and sell the Real Property. The United States shall not exercise its right to sell the Real Property for 180 days from the date judgment is entered.

4. Based on the Disclaimer of Interest filed by the San Bernardino County Treasurer-Tax Collector (Doc. No 35), the interest in the Real Property, if any, of the San Bernardino County Treasurer-Tax Collect is hereby extinguished.

5. Based on the Disclaimer of Interest filed by the Orange County Department of Child Support Services (Doc. No 40), the interest in the Real Property, if any, of the Orange County Department of Child Support Services is hereby extinguished.

6. The interest in the Real Property, if any, of Christina Perez, Derrick Cotton, Morningstar Pool and Spa, American Express Centurion Bank, Harrison Building Inc.,

Lobel Financial Corp., and Windingwalk Master Association, was extinguished pursuant to the default judgments entered against those defendants (Doc. No 80).

**C.   Procedure for Foreclosure**

The Real Property shall be sold according to the following procedure for foreclosure:

1. The Real Property shall be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (hereinafter "Area Director"), or his delegate, the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

2. Any party to this proceeding or any person claiming an interest in the Real Property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the Real Property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

3. The Area Director, or the PALS, is ordered to sell the Real Property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Sections 2001(a) and 2002. The Real Property shall be sold by public sale at the George E. Brown, Jr. Federal Building and United States Courthouse as follows:

   a. The PALS shall announce the date and time for sale.

b. Notice of the sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Riverside County, California.  Said notice shall describe the Real Property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

c. The terms and conditions of sale shall be as follows:

   i. A minimum bid determined by reference to the current fair market value shall be required.  The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the Real Property by the PALS.  The terms of sale as to all persons or parties bidding shall be by money order or by certified or cashier's check.

   ii. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

   iii. At the time of the sale, the successful bidder shall be required to deposit with the PALS, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

   iv. The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., within three (3) business days of the date of sale, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California.

     v.    The cash, money order, or certified or cashier's check payable to the United States District Court for the Central District of California shall be given to the PALS by the successful bidder, who will deposit the funds with the Clerk of this Court.

     vi.    Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The Real Property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

4. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to a further order.

5. Upon selling the Real Property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the Real Property, and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The sale of the Real Property shall be subject to confirmation by this Court. The Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale. If no objections have been filed in writing in this case with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without necessity of motion. On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the Real Property to the purchaser. On confirmation of

the sale, all interests in, liens against, or claims to the Real Property that are held or asserted by all parties to this action are discharged and extinguished.

6. Possession of the Real Property after the sale shall be yielded to the purchaser upon the production of the Certificate and Sale of Deed; and if there is refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the Real Property sold to the purchaser.

7. Until the Real Property is sold, defendant Sergio Perez:

  a. Shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property;

  b. Shall timely pay all real property taxes, mortgage payments, homeowners association dues (if any), and homeowner insurance premiums;

  c. Shall neither commit waste against the property nor cause nor permit anyone else to do so;

  d. Shall neither do anything that tends to reduce the value or marketability of the property nor cause nor permit anyone else to do so; and

  e. Shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause nor permit anyone else to do so.

8. After the Court confirms the sale of the Real Property, and by Order on the application made by the United States of America as to the specific amounts at issue, the sale proceeds deposited with the Clerk of this court shall be applied to the following items, in the order specified:

a. First, to the United States of America, for the expenses of the sale of the Real Property;

b. Second, to Deutsche Bank National Trust Company based on a certain Deed of Trust recorded on September 19, 2003 in the Official Records, County of San Bernardino, as Document No. 2003-0707235;

c. Third, to SchoolsFirst Federal Credit Union based on a certain Deed of Trust recorded on August 16, 2007 in the Official Records, County of San Bernardino, as Document No. 2007-0478552;

d. Fourth, to the United States for the federal Trust Fund Recovery Penalties assessed against Sergio Perez for the first, third and fourth quarters of 2007;

e. Fifth, to the State of California Employment Development Department for the state Trust Fund Recovery Penalties assessed against Sergio Perez for the fourth quarter of 2011, and the first, second, third, and fourth quarters of 2012; and

f. Sixth, to the United States for the remaining federal Trust Fund Recovery Penalties assessed against Sergio Perez.

9. The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale, and resolving any dispute, if any, pursuant to the Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, and Order of this Court upon said Application.

Dated: April 27, 2020

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE